Douglas Jaffe appearing for appellant, Bruce Babcock appearing for Appalee. Good morning, Your Honor. Doug Jaffe for the appellant. Okay, do you want to reserve a little time here? Yes. Okay, tell me how much. Five minutes, please. Okay, and again, we'll try to give you a sort of a thumbs up or something when you're getting close to it, but it's on you to manage that part, okay? Thank you. Okay, you may begin. Thank you. Good morning. A decision is needed from this court regarding what it takes to properly withdraw a spousal waiver. The question of when a spousal waiver is effective was answered in the Geisenheimer case to effectively waive, and that's this language from the statute, Cal 703.140A2 of the California Code of Civil Procedure. To effectively waive exemptions, both the bankruptcy debtor and the non-filing spouse must waive the right to claim the regular exemptions, the waiver must effectively waive the exemptions, and the waiver must arise from a written instrument. There's no dispute that was done in this case by a detailed waiver prepared by debtor's counsel at that time. The waiver expressly sets forth what is being waived and acknowledges that both spouses have been advised of their right to consult an attorney. The only thing that's an issue is the requirement that the waiver must effectively waive the exemptions, but what isn't required is for the spousal waiver to only be effective if the waiver was required. The lower court's decision would improperly allow debtors to claim a spousal waiver is effective regardless of whether the waiver is legally allowed. That's the decision in Ingri Canino. But then on the other side of the coin, it would allow a debtor to claim a spousal waiver is ineffective without complying with Rule 60 if the waiver was not legally required. Those are just inconsistent positions, and we believe that the lower court had a requirement for a spousal waiver to be effective only if it's legally required, which is not mentioned in any case law, especially in Geisenheimer, which answered this exact question. Is there any question in your mind about that it wasn't required? I hope the answer is no. I want to make sure I understand the question. Yeah. Is there any question in your mind, but that the initial analysis was wrong? Oh, I think we need a hearing on that, and so I don't believe we've had that, and so we need to have a full hearing with a declaration from the spouse, declaration from the other attorney who's still on the case regarding all of the facts as to why this spousal waiver was filed. Where did you make that argument? I mean, I understand what you're saying about that you think Rule 60B is required here, and that Judge Clement basically used that as his way of getting at what you might think is similar problem, might not be a similar problem, but did you argue someplace that we got to go back and have an adjudicated hearing on the ability to claim the exemption? I think that's part of the Rule 60. I don't think I saw it. Did you express the argument? We argued that a Rule 60 full hearing was required. Why couldn't you have a full hearing on your objection to your claim of exemption? Doesn't that get you to the same spot? No, because... I mean, you objected to the exemption because you said it was improper because they filed the spousal waiver. Isn't that the same argument you're going to make on a Rule 60 motion? No, I think a Rule 60 motion has a lot more requirements regarding their mistake, their reasons for needing a withdrawal. And I think without anything from the spouse, just completely blank. I think she's involved. Without anything from her, it's not proper to say that this spousal waiver was not required. And if you note in Geisenheimer, the key case here with regard to effectively waive, the spouse, non-filing spouse signed the request for the withdrawal. And that didn't happen here. So once exemptions are effectively waived by the spouses, there has to be compliance with Rule 60. That's the Gomez case. And counsel for debtor agreed at oral argument that there needed to be compliance with Rule 60. That's not the way I read the transcript at all. I mean, Mr. Babcock can speak for himself, but he was certainly reserving the right. And the question here is what I think, by the way, we don't use the phrase the lower court, what the bankruptcy court determined, I think, is that with a waiver that really wasn't called for on any theory, it's not a question of effectiveness or withdrawal. It's simply, it was simply never an issue. Now, you may not agree with that, but that's the way the bankruptcy court fought its way through this, right? I'd like to, can I, do you want me to quote from the transcript of what Mr. Babcock said? Yeah. Quote, and Gomez says that, and it's almost a quote, the answer is that a spousal waiver binds the debtor and the debtor's non-filing spouse absent relief under Rule 60B on a showing of mistake, inadvertent, surprise, excusable neglect. Well, okay. I think that is correct. Okay. But Babcock can answer for himself, but that assumes Gomez is correct and applicable here, which is something he may not agree with. Okay. So let's move on. With regard to sending it back for a full evidentiary hearing, the debtor has included new documents with his response brief. That should not be allowed in this appeal, but it shows that there's a need for a full evidentiary hearing that could be presented at the Rule 60 hearing. As a further point, in addition to the need for Rule 60, there was the equitable estoppel issue, and that's supported by the Gonzalez case and the Went through an extended period of time and advised the trustee and creditors that there would be the spousal waiver. There was the hearing regarding changing this to a Chapter 13, the conversion motion, which was denied a full motion on the evidence. And only later, when the trustee started to do work, additional work to try and sell the property, only then did the debtor come up with this amendment, which again, was not signed by the other spouse to try and change the spousal waiver. So we feel that equitable estoppel also applies in addition to Rule 60. And I'll reserve the rest of my time unless you have any other questions. Okay, Mr. Babcock. Yes, good morning. Can you hear me? Yes, thank you. I got to say, this is the first time I've been before this panel and I may have miscalculated my time allotment. I've spent the last few days preparing something. I spent the last eight or nine hours cutting it down to where it would be 15 minutes or less. And I'd like to present what I have to you. It's the best way. I also would like to answer any questions that you have, but I don't know what to do other than to just start with what I have. And if you have questions, please interrupt me and I'll be happy to answer them as best I can. Um, what I have to say has three parts. Part one points out what I believe is a typographical error in Judge Latham's subject order overruling the appellate's objections to, uh, uh, Detta O'Geary's exemptions. Part two will respond to portions of appellate's reply brief. Part three will be to respond to any questions you may have, assuming I have time left. Uh, any reference I make to an order or subject order is to Judge Latham's order dated July 21st, 2025. Any reference to a page or pages in an appendix is to appellate's appendix filed herein. And any reference to a reply brief is to appellant's reply brief filed herein. Uh, you may have already noticed, uh, uh, an apparent error in Judge Latham's subject order, but I feel I should mention it. At the top of page five of such order, uh, Judge Latham correctly identifies the exemptions under CCP section 703.140, uh, as the special elect, I'm sorry, special exemptions available only to the bankruptcy debtors. And he properly identified the exemptions under CCP section 704.010, which includes the Homestead exemption as the regular exemptions available in both non-bankruptcy and bankruptcy cases. About two-thirds the way down page five, however, Judge Latham notes that, quote, thus to waive the CCP 703.140A2 regular exemptions, three requirements must be met. Both the filing and the non-filing spouse must waive their respective rights. Both waivers must be effective and the waivers must be in writing, unquote. I believe that his reference to CCP 703.140 as the regular exemptions should have been to the CCP section 704.10 at all exemptions, which are often termed the regular exemptions. Part two, in his reply brief, appellant seems to infer that a purported waiver of debtors Homestead exemption by either debtor or his wife is effective if it's in a signed writing. I believe that the circumstances of such signing and the understanding of the person signing are what determine whether such signing is effective under applicable law. In his subject order at page five, Judge Latham cites the In re Geisenheimer cases, among others, to the effect that, quote, both the filing and non-filing spouses must waive their respective rights. Both waivers must be effective and the waivers must be in writing, unquote. It is clear that to be binding, any such waiver must be both written and otherwise effective. The court in the, well, I'll say that the Gomez case differs from our case in that in the Gomez case, no one argued that the subject waiver was not effective. And here, that has been argued. The court in the Geisenheimer case held that, quote. Now, can I interrupt for a second? Let me see if I've got the gist of this right. Your worthy adversary suggests that 60B is always required to, quote, fix an ineffective waiver. What I think Judge Latham was saying, and you correct me here, is that there are circumstances under which it's not a matter of ineffective. The spouse had no rights, period, in the story. So it wasn't so much that a mistake had to be corrected, but that it was never effective in the first place. Is that the way you read his analysis as to why 60B is kind of not required here, or is there something else? I think that, yes, 60B, Judge Latham and I feel that he didn't need to get to a 60B analysis because there was no effective waiver. It was not effective as to the debtor because, and I was to this, because he didn't have the knowledge of his rights. And therefore, any waiver of his rights was not effective. It was not effective as to the spouse, the wife, because she wasn't required to sign any such waiver. So can I play that back and see if I have it right? There would be a difference between, for example, I misinterpret, I have rights in something. I'm the wife. I have some rights in something. I erroneously analyze that and realize now, oh, I shouldn't have made that choice. That's one way of thinking about something. Maybe a waiver isn't effective and you need relief from it. If the analysis is I never had any rights in this thing, and I signed this because my husband asked me to, what I think Judge Latham is saying is that's a little different, that that's ineffective. It may be ineffective. It was never in effect at all, seems to be the way he's looking at it. Is that the way you're looking at it and why 60B in your mind isn't required? He definitely, yes, he definitely found that it was never effective at all, ab initio. In order, in his order, Judge Latham found that under the facts of this case, at least the written form waiver signed by debtor's wife was not effective and was therefore not binding on debtor. Please see such order at pages four and five, being appendix pages 294 and 295. Near the bottom of such page five, Judge Latham also noted that, quote, under California law, waiver is an intentional relinquishment of a known right, and that's very important, unquote, citing the Roche v. DeMotto, Trujillo v. Los Angeles, and In re. Geisenheimer cases. Near the bottom of such page five, Judge Latham noted that the court in Trujillo held that, quote, a waiver requires an existing right, benefit, or advantage to knowledge, actual or constructive, of that benefit, right, or advantage of its existence, and three, an actual intention to relinquish it. It's very clear in this case that Mr. Rodrigo, excuse me, Mr. Aguirre, Rodrigo Aguirre, at the time he signed the waiver, had no idea in the world that he had been misadvised by his attorney and that the pronouncements of Mr. Jaffe and, more importantly, the trustee, Stockmiller, to the effect that you cannot claim a homestead exemption in this case because you weren't living there, all three of those attorneys overlooked the domicile reason why he did have a homestead and a couple other reasons why he did have a homestead. While Judge Latham does not clearly express that at the time of signing his waiver, Detter was unaware of his continued right to his homestead and did not have an actual intent to really relinquish it, I believe that if he were asked, he would come to that conclusion based on the facts and law described in his order. He just wasn't clearly expressing that, but it's there. I do not believe that anyone has argued or would argue that at the time signed the subject form waiver, he understood that at least up to the moment of such signing, he retained every legal right to his homestead exemption. Detter was entitled to his homestead for three reasons. One, because it was his domicile. He wasn't living in the house for very good reason, which you've seen in the briefs. His wife had been sentenced with a order and rather than she going away, Detter went away and left her in the house with the kids. It's two years, it's up in June of 2026, very soon, and he's looking forward to moving back home. The second reason for the homestead exemption is under Section 704, 710, an applicable case law. The fact that a debtor's wife has resided, or spouse, has resided at the subject property both before and throughout the case allows Detter to claim his homestead. And reason number three is just simply that as noted in Detter's declaration at appendix page 175, at all times applicable herein, Detter's homestead interest was documented by his recorded declaration of homestead. The appellant has also nowhere argued and cannot argue that the signing of the was a knowing waiver of a known legal right. Judge Latham found that at least such signing by Detter's wife was not an effective waiver and the appellant has not disputed either the applicable facts or the applicable law which Judge Latham relied on for such findings. At footnote 5 on page 6 of Judge Latham's order, he stated, quote, moreover, Detter's prerogative to elect a regular homestead exemption may not have been a known right. Indeed, both the trustee and creditor Mora's attorney told him he was not allowed a homestead exemption on his Ensenada property, which is his house. His own bankruptcy counsel then advised him to sign the waiver and amend his schedules, id. Contrary to the requirements of effective waiver, Detter at that time did not he had a right to take the section 704 exemptions, unquote. At page 6 of such reply, which would be appellant's reply, appellant quotes a portion of something that I said in the transcript or at the hearing before Judge Latham. Such passage that he quotes was made in connection with a discussion about whether Rule 60b-1 and or Rule 60b-6 would apply in this case. At page 7 of transcript, following right up, I note as follows with regard to any Rule 60 deadline as to whether any Rule 60 time deadline had run. Quote, I don't think so. The time period hasn't even started. I don't think that Mr. Aguirre's opportunity to file a 60b motion is ripe yet because I've read and read and read on this stuff and everything I see is that it needs to be a final judgment, order, or proceeding, unquote. I believe there's been no final judgment, final order, or final proceeding in this case. If you folks rule against my client, maybe that's one and we'll exercise our rights then. On page 24 of appellee's, sorry, memorandum for the June 30th, 25 hearing, debtor appellee states, quote, if, that's a big if, if this court believes that under the facts and law in this matter, debtor is entitled to any appropriate relief to such Federal Rule of Civil Procedure 60, debtor hereby requests such relief. In the event the court believes that a motion from debtor for any relief pursuant to such Federal Civil Procedure 60 would be appropriate to give debtor the opportunity to retract a measurable waiver, debtor hereby asks for an opportunity to file such, unquote. Judge Latham reviewed the relevant facts and law in this case, made certain findings of fact and his opinions, and concluded that Rule 60B and Federal Bankruptcy Procedure 9024 are not applicable or needed to resolve this case because he made a factual finding that the, that the waiver signed by debtor's wife was ineffective, if not also the identical waiver signed by debtor. At footnote six on page six of such order, Judge Latham stated, quote, in the Gomez, in the In re Gomez case, the Eastern District held that effective waivers are binding absent Rule 60B relief. But unlike in Gomez, debtor's spousal waiver was of no effect, so the court need not reach that issue here. I'm sorry, that was a quote from Judge, Judge Latham. At page seven of this. One, one, one quick minute. Madam Clerk, are we getting close to the time? Yeah, you have one minute left to see, you know, okay. All right. At page six of his brief, appellant argues that appellant's responsive brief did not dispute that the facts in this case are similar to the Gonzalez case. The facts in this case, as determined and found by Judge Latham, showed that the facts in two cases are, are, are not so similar. As Judge Latham found at page seven, quote, factual or facially on the evidence creditor more presented, the court cannot see how debtor's amended schedule could have bolstered any section 727 or section 523 causes. In fact, it perceives, the court, it perceives no debtor misconduct regarding the newly claimed homestead exemption whatsoever, unquote. At page eight of his order, Judge Latham, down to about last 30 seconds here, Judge Latham concludes that, quote, the court finds that on the current record, this is his summary, the court finds on the current record, one, debtor was entitled to claim his 704-730 exemption scheme at petition, two, his spousal waiver was ineffective, and three, creditor Mora did not meet his burden of proof to establish equitable estoppel. Okay, and with that, with that, that is your time, so I'll ask my colleagues if they have any last questions for you. I do not. Okay, thank you very much, matters submitted from your end, but let's see, Mr. Jaffe, let's see how much time you have left. You got six minutes, 47 seconds, that's a long time, so have at it. And you're muted. Sorry about that, thank you. No problem. The argument you heard was that there, the spousal waiver was not effective because the debtor didn't have knowledge or was confused. Well, that's exactly what a Rule 60 motion is, and especially when there's a debtor and his wife, had advice of counsel, were advised fully, and they even in the waiver said that they were advised by counsel and were directed to get advice from counsel, and they did have it. So this argument that you heard today that the debtor was confused, it's exactly what we're saying is it's a Rule 60b motion is necessary, and we don't know whether the spouse was confused or made a mistake under Rule 60 because they didn't put in any declaration from the spouse. Again, going back to this real dichotomy, again, under Canino, a debtor is allowed to claim a spousal waiver as effective, regardless of whether the waiver is legally allowed. That's the holding in Canino. And if nobody objects to that claimed exemption, it stands, whether it's legally allowable or allowed or not. It shouldn't be the standard on the other side that a debtor can claim a spousal waiver as ineffective without complying with Rule 60 if the waiver was not legally required. So with that, we stand on what we've argued and the papers. Thank you very much. Hang on one second. Anybody have any questions? No questions. Okay. Thank you both for your very good arguments. The matter is submitted, and we'll get you a written decision as soon as we can. Thank you, Your Honors, very much. Appreciate it. Thanks for helping.
judges: Brand, Lafferty, and Niemann